## MONGET, Tutor, *v.* PATE.

</div>

In an action against a defendant to render her liable personally, and as tutrix of her minor children, for a debt due by the community which existed between her and her late husband, on the ground that she had accepted the community, and had rendered herself liable, personally and as tutrix, by disposing of effects of the succession and paying its debts without observing the forms of law, where it is shown that the defendant had ceased to act as tutrix, the action against her as tutrix must be dismissed; but the plaintiff should be permitted to show that the defendant had accepted the community, either expressly or by acts of ownership, and thereby rendered herself liable for one half of its debts.  C. C. 2387.

APPEAL from the District Court of East Baton Rouge, *Burk*, J.  G. S. Lacey, for the appellant, cited C. C. arts. 2379, 2387.  *Brunot*, for the defendant.  The judgment of the court was pronounced by

KING, J.  The defendant is sought to be rendered liable personally, and as the tutrix of her minor children, for a debt due by the community between her and her late husband, on the ground that she had accepted the community, and has further rendered herself answerable, both personally and as tutrix, by dispos-

MONGET
*v.*
PATE.

ing of effects belonging to the succession, and paying its debts without observing the formalities required by law. The plaintiff's right to maintain the action against the defendant was excepted to, on the ground that she had ceased to be the tutrix of her children. The exception was sustained, and a judgment of non-suit rendered. from which the plaintiff has appealed.

We think that the judge erred in dismissing the plaintiff's demand against the defendant personally. The latter had ceased to be the tutrix of her children, and the action against her in her representative capacity was properly dismissed. The defendant is not distinctly charged in the petition with the fraudulent acts contemplated by the 2387th article of the Code, which render the surviving widow liable individually; but the plaintiff should have been permitted, under his averments, to show that the defendant had accepted the community, either expressly or by acts of ownership which indicated her acceptance, and had thereby become responsible for one half of its debts.

The judgment of the District Court is therefore reversed, and the cause remanded with instructions to the judge to permit the plaintiff to proceed against the defendant personally ; the appellees paying the costs of this appeal.